IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(WESTERN DIVISION)

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTHLAND INSURANCE COMPANY | ) | Case No. |
| | ) | |
| and | ) | |
| | ) | |
| ERICKSON TRANSPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Great West Casualty Company ("Great West"), by and through its attorneys, and for its Complaint for Declaratory Judgment, states as follows:

1.    Plaintiff Great West is an insurance company organized under the laws of the State of Nebraska, with its principal place of business at 1100 West 29th Street, South Sioux City, Nebraska 68776.

2.    Upon information and belief, Defendant Northland Insurance Company ("Northland") is an insurance company organized under the laws of Minnesota with its principal place of business in St. Paul, Minnesota.

3.    Upon information and belief, Defendant Erickson Transport, LLC ("Erickson") is an Iowa limited liability company with its principal place of business in Massena, Iowa.  Upon further information and belief, all members of Erickson are residents and citizens of Iowa.

4.    This is a case that involves an actual controversy among the parties within the jurisdiction of this Court.  This Court has jurisdiction over this Complaint pursuant to, *inter alia*, 28 U.S.C. §§ 2201 and 2202.

5.     Personal jurisdiction over each of the defendants is proper in this Court because
each defendant conducted regular business in the State of Iowa, including the transactions that
are the subject of this lawsuit, entered into contractual agreements in the State of Iowa, and/or
insured property in the State of Iowa.

6.     Venue is proper under 28 U.S.C. § 1391.

7.     On or about May 14, 2007, Erickson Transport, LLC ("Erickson") entered into a
contract with Herbert J. Emery and Jerry D. Emery d/b/a Emery Trucking ("Emery"), whereby
Emery agreed to lease a 1996 Peterbilt, identified therein as "Equipment," to Erickson in
exchange for certain considerations offered by Erickson, including compensation and insurance.
A true and accurate copy of that contract is attached hereto as Exhibit 1 and incorporated by
reference ("Contract").

8.     In Section 7 of the Contract, Erickson agreed to "maintain, while the Equipment
is operated in the service of [Erickson], Public Liability, Property Damage, and Cargo Insurance
pursuant to the provisions of the Federal Highway Administration Regulations." *See* Exhibit 1,
at ¶ 7.

9.     On or about July 11, 2007, the 1996 Peterbilt, while being operated in the service
of Erickson and while pulling an Erickson-owned or -operated trailer, was involved in a multi-
vehicle accident near Dandridge, Tennessee.

10.    At the time of the accident, Erickson maintained a Northland insurance policy,
Policy No. TF518514, with a policy period from November 2, 2006 to November 2, 2007.  A
true and correct copy of Northland Policy No. TF518514 is attached hereto as Exhibit 2 and
incorporated by reference ("Northland Policy").  Nakia W. Stump, the driver of the 1996

Peterbilt at the time of the accident, was listed as an Additional Driver under the Northland Policy at the time of the accident.

11.     Also at the time of the accident, Emery maintained a Great West insurance policy, Policy No. CLP88206I, with a policy period from February 23, 2007 to February 23, 2008.  A true and correct copy of Great West Policy No. CLP88206I is attached hereto as Exhibit 3 and incorporated by reference ("Great West Policy").

12.     As a result of the accident, Roger L. Jennings and Janet Jennings brought a lawsuit against Nakia W. Stump and Emery, captioned *Roger L. Jennings, et al. v. Nakia W. Stump, et al.*, Case No. 3:08-CV-314, in the United States District Court, Eastern District of Tennessee at Knoxville.  That matter remains pending, and Great West has an interest in its outcome.  Great West also has an interest in an open claim with Sunbelt Furniture.  In addition, Great West settled claims, pre-litigation, brought by Jason Walker, Pat Salmon & Sons, the State of Tennessee, Sunbelt Furniture, and J.J.A. Munoz.  Great West also has paid attorneys' fees and is continuing to incur such fees in connection with the defense of the *Jennings* suit as well as the other claims and settlements referenced herein.  (Collectively, all claims referenced in this paragraph are referred to as the "Disputed Claims").  The Disputed Claims involve amounts in excess of $75,000, exclusive of interest and costs, and will be proven at trial.

13.     Great West is in privity with Emery for purposes of the insurance coverage provisions, requirements, and conditions contained in the Contract between Erickson and Emery.

14.     In the alternative, as it has paid and will continue to pay on behalf of its insured, Great West is subrogated to and acting as the subrogee of Emery as it relates to the Disputed Claims and this lawsuit.

15.    Great West, on behalf of Emery, has made demand upon Northland and Erickson for defense and indemnity with respect to the Disputed Claims pursuant to the Contract and the Northland Policy.

16.    Northland has denied that Policy No. TF518514 provides any coverage for the Disputed Claims, denies that the 1996 Peterbilt is a "covered auto" under the Northland Policy, and has refused to provide for the defense of the Disputed Claims.

17.    Erickson has not responded to demands from Great West, on its and Emery's behalf, related to the Disputed Claims.

18.    In pertinent part, the Northland Policy issued to Erickson provides as follows with respect to other applicable liability insurance:

> a. . . . [W]hile a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Liability Coverage is:
>
> (1)  On the same basis, primary or excess, as for the power unit if the power unit is a covered "auto".
>
> (2)  Excess if the power unit is not a covered "auto".
>
> . . .
>
> e.  Regardless of the provision of Paragraphs a., b. and c. above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

Exh. 2, Truckers Coverage Form, at p. 11 of 14.

19.    The trailer pulled by the 1996 Peterbilt at the time of the accident was a "covered 'auto'" under the Northland Policy.

20.    The Contract was an "insured contract" at the time of the accident giving rise to the Disputed Claims.

21.    The Northland Policy also contains an MCS-90 endorsement providing primary coverage in an amount of $750,000 for each accident.

22.     The Northland Policy provides primary coverage for the Disputed Claims in one or more of the following manners, as set forth above:

    a.     Its coverage provisions provide primary coverage for the Disputed Claims;

    b.     Its excess provisions provide primary coverage for the Disputed Claims;

    c.     Additionally, and in the alternative, its MCS-90 endorsement creates a surety obligation pursuant to which Northland must provide primary coverage.

23.     A real and justiciable controversy exists between the parties because Great West contends that the Northland Policy issued to Erickson provides primary coverage for the Disputed Claims and that Northland therefore should be providing a defense with respect to the same. Northland contends that it has no defense or indemnity obligations for the Disputed Claims under the Northland Policy. Further, the issue is ripe for determination because the Disputed Claims have been settled in part and are pending in part. Accordingly, Great West is entitled to a Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

24.     Alternatively, to the extent that the Northland Policy is held not to provide primary coverage for the Disputed Claims, then Erickson was in breach of its contractual obligation to maintain public liability insurance for the 1996 Peterbilt while it was operated in the service of Erickson, and therefore Erickson is liable as an insurer of the risk to the same extent as though the prescribed insurance had been obtained.

WHEREFORE Plaintiff Great West Casualty Company prays that the Court enter judgment as follows:

    a.     Declaring that the Northland Policy issued by Defendant Northland to Erickson Transport, LLC (Exh. 2) affords primary coverage for the benefit of Emery Trucking and Great West Casualty Company with respect to the Disputed Claims;

b.   Alternatively, declaring that the MCS-90 endorsement in the Northland policy applies and therefore Northland Insurance Company must share in the costs of defense and payments made related to the Disputed Claims;

c.   Alternatively, declaring Erickson Transport, LLC liable under the Contract to the same extent as though the prescribed insurance had been obtained;

d.   An award to Great West Casualty Company for all amounts expended by Great West in the investigation, settlement, defense, and indemnification, if any, in connection with the Disputed Claims;

e.   For its attorney's fees to the extent allowed by law;

f.   For its costs; and

g.   For such other and further relief as this Court deems just and proper.

BY:   /s/Scott M. Brennan
Scott M. Brennan, AT0001100
DAVIS, BROWN, KOEHN, SHORS &
ROBERTS, P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309
(515) 288-2500
(515) 243-0654 (facsimile)
ScottBrennan@davisbrownlaw.com

and

Patrick J. Kenny          *pro hac vice pending*
Chad D. Silker            *pro hac vice pending*
ARMSTRONG TEASDALE LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (facsimile)
pkenny@armstrongteasdale.com
csilker@armstrongteasdale.com

ATTORNEYS FOR PLAINTIFF GREAT
WEST CASUALTY COMPANY